UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

DONALD M. WANLAND, JR.,

        Defendant.
                                      /

NO. CR. S-09-008 LKK

O R D E R

## I. Introduction

Defendant is charged with one count of willfully attempting to evade and defeat payment of his income tax for the years 2000 through 2003, in violation of 26 U.S.C. § 7201. Before the court is defendant's motion to dismiss the indictment, ECF No. 77. For the reasons set forth below, the motion is DENIED.

## II. The indictment contains sufficient factual allegations

The indictment in this case reads:

> The grand jury charges that Donald M. Wanland, Jr., defendant herein. . ., from on or about October 15, 2001, and continuing to on or about April 14, 2005, did

1

1
2
3
4
5
6
>   willfully attempt to evade and defeat the payment of a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar years 2000 through 2003, in the approximate amount of $448,289 plus penalties and interest, by concealing and attempting to conceal from the Internal Revenue Service the nature and extent of his assets and the location thereof; by making false statements to agents of the Internal Revenue Service; and by placing funds and property in the name of a nominee, all violation of [26 U.S.C. § 7201]."

7 ECF No. 1.

8 "An indictment must furnish the defendant with a sufficient
9 description of the charges against him to enable him to prepare his
10 defense, to ensure that the defendant is prosecuted on the basis
11 of facts presented to the grand jury, to enable him to plead
12 jeopardy against a later prosecution, and to inform the court of
13 the facts alleged so that it can determine the sufficiency of the
14 charge. To perform these functions, the indictment must set forth
15 the elements of the offense charged and contain a statement of the
16 facts and circumstances that will inform the accused of the
17 specific offense with which he is charged." United States v. Cecil,
18 608 F.2d 1294, 1296 (9th Cir. 1979)(internal quotations omitted).
19 An indictment must "contain a few basic factual allegations." Id.
20 at 1275.

21 Defendant argues that the indictment is inadequate because
22 "the indictment does not specify if concealing and attempting to
23 conceal from the IRS the nature and extent of his assets is the
24 same conduct as placing funds and property in the name of a
25 nominee." Def.'s Mot. to Dismiss 3.  A plain reading of the
26 indictment, however, defeats defendant's argument. The indictment

clearly states that Mr. Wanland attempted to evade paying his taxes *by* concealing and attempting to conceal the nature and extent of his assets, *by* making false statements to IRS agents, and *by* placing funds and property in the name of a nominee. The presence of the words "and by" indicate that concealing the nature of the assets is separate conduct from placing funds and property in the name of a nominee.

Defendant further argues that the indictment does not allege activity within the statute of limitations. For tax payment evasion, the six year statute of limitations begins to run from the last affirmative act of evasion. United States v. Carlson, 235 F.3d 466 (9th Cir. 2000). The instant indictment was filed on January 8, 2009, and alleges that defendant continued to attempt to evade payment of his taxes until April 14, 2005, well within the six-year statute of limitations.

**III. The Indictment is not Duplicitous**

Defendant argues that the indictment is duplicitous because defendant is charged with attempting to evade payment of taxes for four separate years. According to defendant, each year is a separate and distinct offense.

However, "tax evasion covering several years may be charged in a single count as a course of conduct in circumstances. . . where the underlying basis of the indictment is an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years." United States v. Shorter, 809 F.2d 54, 56 (D.C. Cir. 1987), abrogated on other grounds in Daubert v.

3

Merrel Dow Pharms., 509 U.S. 579 (1993).

**IV. Conclusion**

Defendant's Motion to Dismiss, ECF No. 77, is DENIED.

IT IS SO ORDERED.

DATED: October 18, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT